THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY JEAN SEIPEL                                                                                    PLAINTIFF

v.                                                Civil No. 13-3092

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Jean Seipel, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff applied for DIB and SSI on February 6, 2011. (Tr. 11.) Plaintiff alleged an onset date of May 20, 2007 due to anxiety/depression disorder, two herniated discs, and arthritis in her spine. (Tr. 170.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on April 5, 2012 in front of Administrative Law Judge ("ALJ") Glenn Neel. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 32.)

At the time of the administrative hearing, Plaintiff was 32 years old, and possessed a high school diploma. (Tr. 36.) The Plaintiff had past relevant work experience ("PRW") as a motel cleaner, fast food worker, tool crib attendant, and waitress. (Tr. 25.)

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On July 2, 2012 , the ALJ concluded that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with chronic lower back pain, chondromalacia of the left knee, and bilateral meniscal tears status post- surgical repair. (Tr. 13.) The ALJ found that Plaintiff maintained the residual functional capacity to perform sedentary work, except that she can only occasionally climb, balance, stoop, kneel, crouch and crawl and needs to avoid concentrated exposure to hazards, including au inability to drive as part of the job. (Tr. 15.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as clerical worker, machine tender, and various unskilled assembler-type jobs. (Tr. 26.)

Plaintiff requested a review by the Appeals Council on August 31, 2012. (Tr. 5.)  The Appeals Council declined review on August  9, 2013. (Tr. 1.) Plaintiff filed this appeal on October 8, 2013. (ECF. No. 1.)  Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12.)

**II.     Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III. Discussion**

Plaintiff raises one issue on appeal: that the ALJ erred in his overall RFC determination based on Plaintiff's documented history of chronic back pain, knee surgeries, and testimony. (Pl.'s Br. 14.) Because the ALJ correctly discredited Plaintiff's subjective allegations of pain, this Court disagrees.

The ALJ discredited Plaintiff's subjective allegations of pain because the "amount of back pain being alleged in not consistent with the limited clinical findings. (Tr. 24.) This is a permissible reason to discredit a Plaintiff's subjective allegations provided it is not the sole reason. *See Forte v. Barnhart*, 377

3

F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider).

The ALJ also discredited Plaintiff's subjective allegations because '[n]o treating physician has indicated specific work-related functional restrictions imposed by claimant's impairments." (Tr. 24.) He noted the statements by treating neurosurgeon Dr. Luke Knox regarding her back in late 2008 and early 2009: In 2008 Dr. Knox ordered a new MRI and stated that "I informed Tammy that if it does not show significant change it might be worthwhile to get her back to work." (Tr. 301.) In early 2009, after reviewing the new MRI, Dr Knox stated " I do not believe there is any need to consider restriction of her work duties at this point." (Tr. 300.) The ALJ did not give these opinions significant weight as to the RFC, as Plaintiff had knee surgery after this opinion, but did note it in assessing credibility. (Tr. 24.) This too is a permissible reason to discredit a claimant's subjective allegations of pain. *See Raney v. Barnhart,* 396 F.3d 1007, 1010 (8th Cir. 2005) (none of the claimant's treating physicians opined the claimant was so impaired or disabled that the claimant could not work at any job).

The ALJ also noted two occasions by different physicians where she had been prescribed physical therapy for her back. (Tr. 19, 21.) He noted that she did not attend the physical therapy prescribed for her by Dr. Linn because she was unable to find a babysitter. (Tr. 21.) He noted that Dr. Linn referred her back to physical therapy. (Tr. Tr. 21.)

A review of the record reveals that Plaintiff was prescribed physical therapy by Dr. Gary Chimes of UAMS Outpatient Clinic on October 1, 2007. He stated that he did not think muscle spasm was the source of her back problem, and discontinued some of her medication for that reason. Instead he emphasized physical therapy for her with the following statement: "Primary goal for the patient is to be able to activate her core muscles particularly her transversus abdominus during functional activities. I recommend physical therapy for 8 to 12 visits with focus on core strengthening with limited use of modalities. The patient expressed understanding." (Tr. 480.)

4

Dr. Linn of Harrison MediQuick also prescribed physical therapy for her back on June 16, 2011. (Tr. 351-352.) The ALJ correctly noted Dr. Linn's statement that she had not attended physical therapy. Dr. Linn's treatment note included the statement "Go to PT." (Tr. 351.)

Despite the fact that Plaintiff reported attending physical therapy at some point, (Tr. 302. ), there are no records from a physical therapist indicating that she has ever attended even a single session of physical therapy. Thus, Plaintiff has not provided evidence that she has followed the recommended treatment for her back. This places her credibility seriously in question, particularly in a case where the objective medical records do not support her subjective allegations. This failure alone may also make her ineligible to receive benefits. *See* 20 C.F.R. § 404.1530 (1990) (A claimant must follow treatment prescribed by his physician if such treatment will restore his ability to work. Failure to do so renders a claimant ineligible for benefits, unless there is a good reason for the failure to follow treatment); *Guilliams v. Barnhart*, 393 F.3d 798. 802 (8th Cir. 2005).("A failure to follow a recommended course of treatment also weighs against a claimant's credibility.")

Although not mentioned by the ALJ, this Court also notes that Plaintiff's sporadic work history further discredits Plaintiff's subjective allegations of pain. *See Wildman v. Astrue*, 596 F.3d 959, 968-69 (8th Cir. 2010) (ALJ may consider a claimant's sporadic work history when determining credibility); *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (ALJ may consider that a claimant's sporadic work record may show a lack of motivation to return to work). Plaintiff's testimony reflects that she only left one work position due to the physical impairments alleged in her claim. Instead, her reasons to quit included two instances where she " just didn't like it," (Tr. 38, 40), had ex-boyfriends who harassed her at work and "nobody at work would do anything about it," (Tr. 37, 42), her truck broke down and she couldn't find another ride to work so she "had to quit," (Tr. 38.), her car caught fire so she couldn't get to work that day and they told her not to come back, (Tr. 43), and that she was pregnant. (Tr. 38, 41.) Plaintiff testified that in 2007 she slipped on an icy tree root and hurt her back. She testified that she tried

5

to go back to work, but because she " couldn't work full-time" her employer told her not to come back. (Tr. 48.) When asked if she sought other employment after her dismissal, she testified that she didn't look for any employment because she was having too many problems with her back. (Tr. 48.) Her self-reported work history indicates gaps in employment. (Tr. 179.)

"If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment even if every factor is not discussed in depth." *Dunahoo v. Apfel,* 241 F.3d 1033, 1038 (8th Cir. 2001) In this case, the ALJ gave several good reasons for discrediting Plaintiff's subjective allegations of pain. Therefore, this Court will defer to the ALJ's judgment.

### IV. Conclusion

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decisions, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 18th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE